IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLIFF SKOGLUND and
ROBERT HALL,

      Plaintiffs/Counterdefendants,

vs.                                                           No. CIV 05-0378 JB/DJS

AVRAHAM MERAV and
SUSAN MERAV,

      Defendants/Counterplaintiffs.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants/Counterplaintiffs' Motion for Summary Judgment on Plaintiffs' Amended Complaint for Declaratory Judgment and Partial Summary Judgment on Defendants/Counterplaintiffs' Counterclaims (on Liability Alone), filed January 30, 2006 (Doc. 23); and (ii) the Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims for Fraud, Negligent Misrepresentation, Constructive Fraud, and Negligence, filed March 10, 2006 (Doc. 31). The Court held a hearing on these motions on August 21, 2006. The primary issue is whether there are genuine issues of material fact that preclude the Court from entering summary judgment on any of the claims. Because the Court concludes that, under New Mexico law, it must hear evidence about the parties' intent, and because the Court believes genuine issues of material fact exist as to what the parties' intent was, the Court will deny the motions.

## FACTUAL BACKGROUND

In July 2004, the Plaintiffs, buyers, and the Meravs, sellers, entered into a Residential Purchase Agreement to purchase the Meravs' multi-million dollar, award-winning home located at

1204 North Summit Drive. <u>See</u> Realtors Association of New Mexico Counteroffer No. Three at 1-2; Purchase Agreement at 1. Paragraph 2B of the Agreement states: "B. AMOUNT OF THE LOAN(S) described in Paragraph 6 below: $3,150,000." Paragraph 6A provides, in pertinent part:

> A.  MORTGAGE LOAN: This Agreement is contingent on receipt by Buyer of a $3,150,000 loan to be secured by a mortgage loan for a maximum of THIRTY years. The mortgage loan will be closed at a maximum rate of SIX PERCENT % interest. Buyer will make diligent effort to obtain the loan and will make application for the loan within FIVE days after Date of Acceptance. In the event of written rejection this Agreement will terminate, and the Earnest Money will be refunded to the Buyer.

## PROCEDURAL BACKGROUND

Defendants/Counterplaintiffs Avraham Merav and Susan Merav move the Court, pursuant to rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the Plaintiffs' Amended Complaint for Declaratory Judgment and for partial summary judgment on their Counterclaims (on liability only) for breach of contract (Count I), fraud (Count II), negligent misrepresentation (Count III), constructive fraud (Count IV), negligence (Count V), and declaratory judgment (Count VI). <u>See</u> Defendants/Counterplaintiffs' Motion for Summary Judgment on Plaintiffs' Amended Complaint for Declaratory Judgment and Partial Summary Judgment on Defendants/Counterplaintiffs' Counterclaims (on Liability Alone) ("Defendant's Motion for Summary Judgement") at 1. The Plaintiffs, Cliff Skoglund and Robert Hall, also move the Court, pursuant to rule 56, for summary judgment on the Meravs' Counterclaims. <u>See</u> Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims for Fraud, Negligent Misrepresentation, Constructive Fraud, and Negligence at 1.

## LAW REGARDING MOTIONS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for entry of summary judgment

where "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995)(citation omitted). In applying this standard, the record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F. 3d 1125, 1128 (10th Cir. 1998)(citing Applied Genetics Int'l, Inc. v. First Affiliated Sec. Inc., 912 F.2d 1238, 1241 (10th Cir. 1990)).

The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the movant will not bear the burden of proof at trial, this burden may be met by pointing to "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir. 1998)(citing Celotex Corp. v. Catrett, 477 U.S. at 325). Once the moving party meets its burden, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Id.

The opposing party may not rest upon "mere allegations and denials in the pleadings . . . but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986)(citation omitted). An issue of fact is genuine if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. See id. at 249. Summary judgment is appropriate against

any "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. at 322.

The court must disregard statements of mere belief. See Tavery v. United States, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)(citing Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 831 (1950)). The existence of a mere scintilla of evidence is insufficient to support the nonmoving party's position. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "Hearsay testimony cannot be considered because a third party's description of a witness' supposed testimony is 'not suitable grist for the summary judgment mill.'" Wright-Simmons v. Okla. City, 155 F.3d 1264, 1268 (10th Cir. 1998)(quoting Thomas v. IBM, 48 F.3d at 485).

## RELEVANT NEW MEXICO LAW

### 1. Contract.

"Without a full examination of the circumstances surrounding the making of the agreement, ambiguity or lack thereof often cannot properly be discerned." Mark V, Inc. v. Mellekas, 114 N.M. 778, 781, 845 P.2d 1232, 1235 (1993). Thus "even if the language of the contract appears to be clear and unambiguous, 'a court may hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance,' in order to decide whether the meaning of a term or expression contained in the agreement is actually unclear." Id. (quoting C.R. Anthony Co. v. Loretto Mall Partners, 112 N.M. 504, 817 P.2d 238 (1991)). Courts are not restricted to the words of the agreement "in interpreting the intent of the parties to a contract, but may also consider the context in which the agreement was made to determine whether the party's words are ambiguous." Mark V, Inc. v. Mellekas, 114 N.M. at 781,

845 P.2d at 1235.

The question whether an agreement contains an ambiguity is a matter of law. Id. (citing Levenson v. Mobley, 106 N.M. 399, 401, 744 P.2d 174, 176 (1987)). "An ambiguity exists in an agreement when the parties' expressions of mutual assent lack clarity." Mark V, Inc. v. Mellekas, 114 N.M. at 781, 845 P.2d at 1235 (citation omitted). If, however, the "evidence presented is so plain that no reasonable person could hold any way but one, then the court may interpret the meaning as a matter of law." Id. But if the court finds that the contract is "reasonably and fairly susceptible of different constructions, an ambiguity exists." Id. (citing Vickers v. North Am. Land Dev., Inc., 94 N.M. 65, 68, 607 P.2d 603, 606 (1980)). Once the Court finds that an ambiguity exists, the resolution of that ambiguity becomes a question of fact. See Mark V, Inc. v. Mellekas, 114 N.M. at 781, 845 P.2d at 1235. To decide the meaning of any ambiguous terms, "the fact finder may consider extrinsic evidence of the language and conduct of the parties and the circumstances surrounding the agreement, as well as oral evidence of the parties' intent." Id. at 782, 845 P.2d at 1236.

"Evidence may be presented to the fact finder to aid in the interpretation of the agreement, but no evidence should be received when its purpose or effect is to contradict or vary the agreement's terms." Id. (citing Maine v. Garvin, 76 N.M. 546, 550-51, 417 P.2d 40, 43 (1966)). The Supreme Court of New Mexico, in Maine v. Garvin, stated:

> We want no misunderstanding concerning the rules governing the admissibility of parol evidence in connection with written listing agreements. We consider the parol evidence rule to be fully applicable together with all the exceptions recognized in connection with any other writing. Parol evidence may not be received when its purpose and effect is to contradict, vary, modify, or add to a written agreement, but is generally admissible to supply terms not in the written contract, to explain ambiguities in the written agreement, or to show fraud, misrepresentations, or mistake. We see no error in the court's ruling that the parol evidence was admissible.

76 N.M. at 550-51, 417 P.2d at 43 (citation omitted).

"For a mistake to be mutual and common to both parties, it must appear that both parties have done what neither intended." Cargill v. Sherrod, 96 N.M. 431, 433, 631 P.2d 726, 728 (1981). As one court has explained:

> Although an agreement may be reformed to reflect the parties' intent when a mutual mistake has occurred, the agreement cannot be revised to reflect only one party's subjective understanding. Courts should not aid those parties who have made an unwise bargain in forming their contracts. When parties reduce a contract to writing, they must abide by its plainly stated terms.

Patel v. Keith Harless, 926 P.2d 963, 966 (Wyo. 1996)(internal citations omitted).

### 2. **Fraud and Constructive Fraud.**

"A successful fraud claim must prove a misrepresentation of fact, known by the maker to be untrue, made with the intent to deceive and to induce the other party to act upon it, and upon which the other party relies to his detriment." Golden Cone Concepts v. Villa Linda Mall, 113 N.M. 9, 14, 820 P.2d 1323, 1328 (1991)(citing Poorbaugh v. Mullen, 96 N.M. 598, 601, 633 P.2d 706, 709 (Ct.App.1981)). An action for fraud may be based "on concealment where there is a duty to disclose. Fraud may arise by omission as well as by commission. Thus, where one is under a duty to speak but remains silent and fails to disclose a material fact, he may be liable for fraud." R.A. Peck , Inc. v. Liberty Federal Savings Bank, 108 N.M. 84, 88, 766 P.2d 928, 932 (N.M. Ct. App. 1988)(citations omitted).

"Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud." Velasquez v. Mascarenas, 71 N.M.

133, 140, 376 P.2d 311, 316 (1962)(citations and internal quotations omitted).

### 3. Negligent Misrepresentation.

The Supreme Court of New Mexico has set out the elements of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A., 106 N.M. 757, 761-62, 750 P.2d 118, 122-23 (1988)(citations and internal quotations omitted).

### 4. Negligence.

"Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." Herrera v. Quality Pontiac, 134 N.M. 43, 47-48, 73 P.3d 181, 185-86 (2003). Under New Mexico law, "negligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person." Id. at 48, at 73 P.3d at 186 (citation and internal quotations omitted).

## ANALYSIS

Because there is evidence that the material terms of financing and down payment amounts are in conflict with the purchase price and are uncertain, there is evidence that the contract is ambiguous. Because there are alleged missing terms that result in an uncertain and ambiguous agreement, there are "factual issues [that] must be resolved by the jury . . . with the benefit of a full evidentiary hearing prior to deciding breach and damages." Mark V, Inc. v. Mellekas, 114 N.M. at 782, 845 P.2d at

1236.  The Court also believes that there are genuine issues of material fact concerning the claims of fraud, negligent misrepresentation, constructive fraud, and negligence.  Thus, summary judgment for any party on any claim is not appropriate, and the Court will present the disputed facts to a jury.

The Defendants contend that the Plaintiffs' reliance on Mark V is misplaced, because the analysis in that case applies only where the contract terms are ambiguous.  See Defendants/Counterplaintiffs' Reply in Support of their Motion for Summary Judgment at 8, filed March 7, 2006 (Doc. 28).  The plain language in Mark V, however, specifically allows the Court to "hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance,' in order to decide whether the meaning of a term or expression contained in the agreement is actually unclear."  Id.  The Supreme Court of New Mexico, in Mark V, also stated that "[w]ithout a full examination of the circumstances surrounding the making of the agreement, ambiguity or lack thereof often cannot properly be discerned. " Id. at 781, 845 P.2d at 1235. See id.  (stating that courts are "no longer restricted to the bare words of the agreement in interpreting the intent of the parties to a contract, but may also consider the context in which the agreement was made to determine whether the party's words are ambiguous").

The Court agrees with the Defendants that a party cannot create a genuine issue of material fact by fabricating a sham factual dispute that is contrary to earlier contemporary documents, such as their Complaint, Amended Complaint, and deposition testimony.  See, e.g., Hottinger v. Contel of Ark., Inc., Nos. 94-2564 and 94-2714, 1995 U.S. App. LEXIS 22661, at *4 (8th Cir. June 27, 1995)("[P]arties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment.")(citation and internal quotations omitted); Sinskey v. Pharmacia Opthalmics, Inc., 982 F.2d 494, 498 (Fed. Cir. 1992)("[T]o allow [Plaintiff] to preclude summary

judgment simply by contradicting his own prior statements would seriously impair the utility of Federal Rule of Civil Procedure 56"); Rivera v. Trujillo, 1999 NMCA 129, ¶ 9, 128 N.M. 106, 108 ("We note that in applying the federal counterpart to our Rule 1-056, virtually every federal circuit has recognized that a nonmovant will not be allowed to defeat summary judgment by attempting to create a sham issue of fact. We adopt this rule as consistent with New Mexico law.")(citations omitted). The Court has reviewed the transcripts and documents that the Defendants believe create a sham factual issue, and the Court does not believe that they are sham issues. Rather, the Court believes that some of the tension between some statements are explainable and that the issues of material fact precluding summary judgment are genuine.

The Court has reviewed the circumstances surrounding the making of the contract as well as the parties' conduct and correspondence after the contract was entered into, and the Court believes that prior negotiations combined with the missing $400,000.00 show that the agreement is ambiguous and do more than create a sham issue of fact. The Court also believes that the circumstances surrounding the negotiations, and subsequent actions by the parties in combination with the terms of the agreement show that genuine issues of material fact exist concerning the claims of fraud, negligent misrepresentation, constructive fraud, and negligence. The Court concludes that there are genuine issues as to the material facts which remain for resolution on the Plaintiffs' Amended Complaint for Declaratory Judgment and on the Meravs' counterclaims. Neither party is entitled to judgment as a matter of law.

**IT IS ORDERED** that the Defendants/Counterplaintiffs' Motion for Summary Judgment on Plaintiffs' Amended Complaint for Declaratory Judgment and for Partial Summary Judgment on Counterclaims (On Liability Alone) and the Plaintiffs' Motion for Summary Judgment on Defendants'

Counterclaims for Fraud, Negligent Misrepresentation, Constructive Fraud, and Negligence are denied.

                                                      _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John K. Silver
Sarah Steadman
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs/Counterdefendants*

Thomas A. Simons, IV
Alexia Constantaras
Simons & Slattery, L.L.P.
Santa Fe, New Mexico

    *Attorneys for the Defendants/Counterplaintiffs*