IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLIFF SKOGLUND and
ROBERT HALL,

      Plaintiffs/Counterdefendants,

vs.                                         No. CV-05-378
                                             JB/DJS

AVRAHAM MERAV and
SUSAN MERAV,

      Defendants/Counterplaintiffs.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion in Limine to Bar Expert

Testimony By Efrain Aguirre-Prieto or Allen Hamilton, filed October 10, 2006 (Doc. 62)("Motion

to Exclude").  The Court held a hearing on this motion on October 20, 2006.  The primary issues are:

(i) whether the Court should permit Efrain Aguirre-Prieto and/or Allen Hamilton to testify as experts

in the trial of this case scheduled to begin on October 23, 2006; and (ii) whether the Court will permit

Hamilton to testify at all given that the Defendants did not list him as a witness in the Pretrial Order.

Because the Defendants have not made adequate disclosures to the Plaintiffs, in advance of trial, that

Prieto would testify as an expert, the Court will not allow Prieto to offer expert testimony at trial.

Because the Defendants have not disclosed Hamilton as a witness in advance of trial, the Court will

not permit him to testify.  The Plaintiffs' motion is granted.

## PROCEDURAL BACKGROUND

The Defendants listed Aguirre-Prieto and Hamilton as "may call" experts in the Defendants'

Expert Witness List, which the Defendants mailed to the Plaintiffs on November 28, 2005.  See Motion to Exclude, Exhibit A, Defendants' Expert Witness List ¶¶ 1, 2, at 1 (served November 28, 2005)("Defendants' Expert List").  The Defendants indicated that Aguirre-Prieto may testify both as a fact witness and as an expert witness.  The Defendants state that he may testify, among other things, to his knowledge regarding the facts and circumstances surrounding the parties' real estate agreement.

The Defendants' Expert Witness List is the only pleading that makes any reference to Hamilton testifying.  The only information that the Plaintiffs have been provided regarding Hamilton is the statement in the Defendant's Expert Witness List that "Allen Hamilton may testify as an expert concerning real estate transactions, purchase agreements and real estate lending."  Defendants' Expert List at 1.  The Defendants have not indicated in any pleading that Hamilton has factual information in regard to this matter to which he might testify.

In no other pleadings, however, including the Pretrial Order filed September 6, 2006 (Doc. 58)("Pretrial Order"), have the Defendants indicated that Aguirre-Prieto or Hamilton would provide expert testimony.  In their list of witnesses expected to testify, included in the Court's Pretrial Order, the Defendants listed Aguirre-Prieto as a fact witness and did not list Hamilton at all.  Moreover, the Defendants have not provided Plaintiffs with the written reports regarding expert testimony that rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires.

The Plaintiffs deposed Aguirre-Prieto on December 2, 2005.  At that deposition, Plaintiffs' counsel stated that he had not discussed being an expert witness with Aguirre-Prieto, and Aguirre-Prieto stated that he had not been asked to give any opinions with regard to his expert as a realtor. See Deposition of Efrain Aguirre-Prieto at 11:6-12; 11:13-16.  In their memorandum in support of

this motion, the Plaintiffs argue that, based on these representations at Aguirre-Prieto's deposition, they did not question Aguirre-Prieto "regarding any opinions he may have formed in this case." Motion to Exclude ¶ 4, at 2.

From December 2, 2005 until October 5, 2006, the Defendants did not indicate that they intended to have Aguirre-Prieto testify as an expert in this matter or offer the Plaintiffs any information pertaining to expert opinions that Aguirre-Prieto held. The Defendants listed Aguirre-Prieto only as a fact witness in the Pretrial Order. See Pretrial Order at 17. The Defendants did not list Hamilton in the Pretrial Order as a witness who is expected to testify at trial.

To confirm that the Defendants do not intend to elicit expert testimony from these individuals, the Plaintiffs' counsel contacted the Defendants' counsel by telephone on September 28, 2006. See Motion to Exclude ¶ 2, at 1. The Defendants' counsel confirmed during that September 28, 2006 telephone call that neither Aguirre-Prieto nor Hamilton, if he testified, would provide expert testimony. See id. The Plaintiffs then confirmed this understanding by letter that afternoon. See Motion to Exclude, Exhibit B, Letter from Tamara R. Safarik to Thomas A. Simons, IV and Faith Kalman Reyes (dated September 28, 2006)("I am writing to confirm my understanding from my separate conversations with each of you today that Defendants will not call or attempt to elicit expert testimony from Efrain Aguirre-Prieto or Allen Hamilton at the trial in this matter."). The Defendants responded to the Plaintiffs' September 28, 2006 letter on October 5, 2006, re-confirming the parties' understanding that Aguirre-Prieto may testify as a fact witness, and representing that it was possible, though unlikely, that Hamilton would be called as a fact witness. See Motion to Exclude, Exhibit C, Letter from Faith Kalman Reyes to Tamara R. Safarik, (dated October 5, 2006).

Following the October 5, 2006 letter, however, the Defendants indicated -- later that same

day -- by telephone and letter that, "if plaintiffs consider questions about the meaning of terms such as 'loan to value' or 'combined loan to value' to be expert testimony, we intend to question Mr. Prieto and Mr. Hamilton (if he testifies) as an expert." <u>See</u> Motion to Exclude, Exhibit D, Letter from Faith Kalman Reyes to Tamara R. Safarik (dated October 5, 2006).

The Plaintiffs move the Court to bar expert testimony by Aguirre-Prieto and Hamilton. At the hearing on this motion, the Defendants contend that they sought to elicit from Aguirre-Prieto only the meaning of certain terminology relevant to his factual testimony. <u>See</u> Transcript of Hearing at 3:12-21 (taken October 20, 2006)("Transcript").[1] The Defendants represent that, at this time, they do not plan to call Hamilton as a witness at all. <u>See</u> <u>id</u> at 6:9-11.

## <u>ANALYSIS</u>

As reflected in the letters between the parties, the only reason that the Defendants would call Aguirre-Prieto as an expert is to ask him about certain terminology. The Plaintiffs do not object to Aguirre-Prieto and Hamilton testifying about the meaning of terms within the context of factual testimony, but wish to bring the possibility of the Defendants offering inappropriate expert testimony to the Court's attention. <u>See</u> <u>id.</u> at 5:23 - 6:5. Accordingly, the Court will limit Aguirre-Prieto's testimony to factual testimony and to definitions of terms that are needed to explain his factual testimony.

The Defendants represent that they do not intend to call Hamilton. <u>See</u> Response to Plaintiffs' Motion in Limine to Bar Expert Testimony by Efrain Aguirre-Prieto or Allen Hamilton at 1, filed October 19, 2006 (Doc. 78); Transcript at 6:9-11. In the event that they attempt to call Aguirre-

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Prieto or Hamilton at trial as experts in real estate transactions, purchase agreements, and/or real estate lending, see Defendants' Expert List, the Court finds that rule 26(a)(2)(B) of the Federal Rules of Civil Procedure would be applicable to the witnesses' testimony. See Fed. R. Civ. P. 26(a)(2)(B) (creating disclosure requirements for "a witness who is retained or specifically employed to provide expert testimony in the case."). Pursuant to rules 26(a)(2)(B), the Defendants were required to disclose to the Plaintiffs a "written report prepared and signed by" Aguirre-Prieto and/or Hamilton.

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). The Defendants' did not comply with rule 26(a)(2)(B)'s disclosure requirements. Nor have the Defendants provided the Plaintiffs with any other information regarding Aguirre-Prieto's and Hamilton's expert opinions that would enable the Plaintiffs to prepare for such testimony at trial. Accordingly, the Court will bar Aguirre-Prieto's and Hamilton's expert testimony.

Finally, given the Defendants' representations in their response to this motion, and at the hearing on this motion, and because of their failure to list him as a witness in the Pretrial Order, should the Defendants' change their minds and attempt to call Hamilton at trial, the Court will not permit Hamilton to testify on any subject.

**IT IS ORDERED** that the Plaintiffs' Motion in Limine to Bar Expert Testimony by Efrain Aguirre-Prieto or Allen Hamilton is granted. The Defendants may call Aguirre-Prieto as a fact witness and he may testify about the meaning of terms that are necessary to prove his factual testimony. Hamilton may not testify.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John L. McClaugherty
John K. Silver
Tamara R. Safarik
McClaugherty & Silver, P.C.
Sannta Fe, New Mexico

    *Attorneys for the Plaintiffs/Counterdefendants*

Thomas A. Simons, IV
Faith Kalman Reyes
Alexia Constantaras
Simons & Slattery, LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants/Counterplaintiffs*